**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4271**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARIO ALBERTO GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:10-cr-00765-TLW-1)

Submitted:  September 24, 2013      Decided:  September 26, 2013

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Debra Y. Chapman, DEBRA CHAPMAN, PA, Columbia, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Alberto Garcia pleaded guilty to conspiracy to possess with intent to distribute and distribution of five kilograms or more of powder cocaine, fifty grams or more of crack cocaine, and a quantity of marijuana. He received a 200-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court suggested to Garcia that he was pleading guilty to a lesser included offense during the Fed. R. Crim. P. 11 proceeding; and (2) whether the court erred in applying an enhancement for having an aggravated role in the offense. Garcia has filed a pro se supplemental brief. The Government declined to file a response. We affirm.

Because Garcia did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). The district court conducted the change of plea hearing for Garcia and Garcia's co-defendant, Mr. Ramirez. At one instance, the court referred to Mr. Ramirez as Mr. Garcia. Ramirez was pleading guilty to a lesser included offense. Therefore, Garcia contends he was confused regarding the charge to which he was pleading guilty. Although the district court referred to Ramirez as Garcia one

2

single time, the transcript clearly indicates that the proper charge was given to Garcia and that he understood the charge to which he was pleading guilty. Further, Garcia does not argue that he would have withdrawn his plea had he fully understood that he was not pleading guilty to a lesser included offense. Given no indication to the contrary, we therefore find that Garcia's plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Counsel next raises whether the district court erred in applying a three-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(b) (2010) for being a manager or supervisor. We review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010). A defendant qualifies for a three-level enhancement if he was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). To qualify as a manager or supervisor, the defendant need only have exercised control over one participant. USSG § 3B1.1, cmt. n.2. In determining a defendant's leadership role, a court should consider seven factors:

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4; see also United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

We conclude that the district court did not err in assessing a three-level enhancement for Garcia's role in the conspiracy. First, the evidence clearly showed that the criminal activity involved at least five people named in the conspiracy, plus numerous unnamed individuals and was extensive. The evidence also showed that Garcia exercised control over several participants. The court found that Garcia exercised decision-making authority by directing others to deliver drugs, to protect Garcia, and to protect and operate drug houses.

Garcia filed a supplemental brief arguing that the two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1) should not have applied, that his statutory mandatory minimum was improperly increased, in light of Alleyne v. United States, 133 S. Ct. 2151, 2155, 2163-64 (2013) (holding that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt), and that counsel was ineffective for failing to secure a sentence reduction based on

4

substantial assistance to the Government. In accordance with Anders, we have reviewed these issues and the record in this case, and have found no meritorious issues for appeal. We therefore affirm Garcia's conviction and sentence. This court requires that counsel inform Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garcia.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED